Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| COURAGE UHUMWNOMA OSAWE,<br><br>   Plaintiff(s),<br> vs.<br><br>DMV INVESTIGATOR JENNIFER TINSLEY, DMV INVESTIGATOR BRIAN BOWLES, DMV INVESTIGATOR WILLIAM LYONS and DMV SERGEANT TODD PARDINI; and JOHN DOES I through X, inclusive<br><br>   Defendant(s). | Case No.  3:18-cv-600<br><br>**JURY DEMANDED**<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF** |

COMES NOW, COURAGE UHUMWNOMA OSAWE, ("Osawe" or "Plaintiff"), by and through the undersigned counsel, and files the following complaint seeking redress for the violation by of Osawe's right to be free from unlawful seizure in violation of the Fourth Amendment of the United States Constitution and for various pendent state law claims against DMV INVESTIGATOR JENNIFER TINSLEY ("Tinsley"), DMV INVESTIGATOR BRIAN BOWLES ("Bowles"), DMV INVESTIGATOR WILLIAM LYONS ("Lyons"), and DMV SERGEANT TODD PARDINI ("Pardini") (collectively "the Defendants"); and JOHN DOES I through X, inclusive.

1

## Jurisdiction

1. This action arises under 42 U.S.C. Section 1983 and 42 U.S.C. Section 12132.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343, 1367, 2201 and 42 U.S.C. Sections 1983 and 1988.

3. The Court has personal jurisdiction over the Defendant because the alleged incident described below occurred within this District.

## Venue

4. Venue is proper pursuant to 28 U.S.C. Section 1391 in the Northern District of Nevada because the acts giving rise to the Plaintiff's claims occurred in this District.

## Parties

5. Mr. Osawe is a naturalized United States citizen who moved to the United States from Nigeria in 1997. Along with his wife, Joy Osawe, Mr. Osawe owns and operates a Nigerian export business, Coujoy Ventures, LLC, where he purchases commodities in the United States, such as bicycles, hospital equipment, clothing, and automotive vehicles and parts, and then ships those commodities to Nigeria for sale. Osawe currently resides, and at all times relevant hereto resided, in Sparks, Nevada.

6. Tinsley is employed by the State of Nevada as an investigator for the Department of Motor Vehicles. Tinsley was at all times relevant herein acting under color of state law as described below. Tinsley is sued in her individual capacity.

7. Bowles is employed by the State of Nevada as an investigator for the Department of Motor Vehicles. Bowles was at all times relevant herein acting under color of state law as described below. Bowles is sued in her individual capacity.

8. Lyons is employed by the State of Nevada as an investigator for the Department of Motor Vehicles. Lyons was at all times relevant herein acting under color of state law as described below. Lyons is sued in his individual capacity.

9. Pardini is employed by the State of Nevada as a Sergeant for the Department of Motor Vehicles. Pardini was at all times relevant herein acting under color of state law as described below. Pardini is sued in his individual capacity.

## Statement of Facts

10. On May 24, 2017, Mr. Osawe was arrested in Sparks, Nevada in front of his 5-year-old daughter and his wife by the Defendants for his alleged violation of NRS 482.322(5), for operating a vehicle dealership without a proper license. All of the named Defendants participated in the arrest of the Plaintiff.

11. According to a May 30, 2017, Report of Investigation by Defendant Lyons, the investigation of Osawe began following a complaint by an unnamed party.

12. On May 24, 2017, Osawe was arrested by the Defendants and charged with violation NRS 482.322(5) despite the fact that there was no evidence that Osawe sold more than three personally owned vehicles during a 12 month period. NRS 482.322 states a person shall not engage in the activities of a new vehicle dealer, used vehicle dealer, manufacturer, distributor or rebuilder without a license. A crystal clear exception to this rule exists in NRS 482.020(2)(b), which states that a "dealer" or "vehicle dealer" does not include a person who sells not more than three personally owned vehicles in any 12 month period.

13. On May 24, 2017, Mr. Osawe and his wife, Joy Osawe, were the subject of a sting operation by the Defendants that led to Mr. Osawe's arrest. However, Mr. Osawe did not participate in the sale of the vehicle at issue during the sting operation by the Defendants as he remained in another vehicle during the entire course of the sting operation. Nor was there any evidence that Osawe sold more than three vehicles in the 12 months prior to May 17, 2017. Despite that at the sting operation it was very clearly Joy Osawe who was selling the vehicle at issue, while Mr. Osawe remained in another vehicle, the Defendants chose to arrest Mr. Osawe, in front of his five-year-old daughter, anyway. The Defendants also handcuffed Ms. Osawe, but did not arrest her.

14. Osawe was arrested in the afternoon on May 24, 2017, taken to the Washoe County jail on Parr Blvd. in Reno, and was released in the early morning hours of May 18, 2018.

15. According to an Arrest Report and Declaration of Probable Cause and Report of Investigation authored by Defendant Lyons and approved by Defendant Pardini, Osawe engaged in the selling of a vehicle, "acting as a licensed dealer." There was no probable cause

to support this conclusion because Mr. Osawe meets the exception in subsection 2(b) of NRS 482.020 in that he did not sell vehicles in Nevada for a business purpose and he did not sell more than three personal vehicles within a 12 month period.  There was no evidence that Mr. Osawe personally sold any vehicles he owned in the 12 months prior to his arrest by the Defendants.  Despite these facts, which were known to the Defendants at the time of Osawe's arrest, the Defendants arrested and charged Osawe anyway - seemingly because he had been charged with violating similar laws in the past.

16. On January 25, 2018, Mr. Osawe's Public Defender filed a Writ of Habeas Corpus on his behalf in Case No. CR17-1958 before the Honorable Jerome Polaha in the Second Judicial District Court in Washoe County, Nevada, arguing that the evidence against Mr. Osawe was insufficient to sustain any charge against him.

17. On April 16, 2018, Judge Polaha granted Osawe's Writ of Habeas Corpus and dismissed the charges against Osawe, finding that the state failed to prove by slight or marginal evidence that Osawe is a vehicle dealer as defined in NRS 482.020 and finding that Osawe did not sell any vehicles.

18. The Plaintiff has suffered damages as a result of the disregard for his Constitutional rights by the Defendants, including but not limited to emotional distress, anguish, and humiliation caused by Osawe's arrest, confinement, and from being charged with an offense that he was plainly innocent of.

*Unlawful Seizure in violation of the 4th Amendment - 42 U.S.C. Section 1983*
**(Against all Defendants)**

19. Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein.

20. As a direct and proximate result of the unlawful seizure and the Plaintiff's arrest, the Plaintiffs suffered and continues to suffer severe mental anguish and emotional trauma in connection with the deprivation of the constitutional right guaranteed by the Fourth Amendment of the Constitution.

21. Under the totality of the facts and circumstances known to the Defendants, a prudent person would not have concluded that there was a fair probability that Osawe had

4

committed a crime. *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir.2010) and *United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir.1984).

22. The Defendant's seizure of Osawe violated the Fourth Amendment because it was objectively unreasonable and without probable cause because the Defendants knew that Osawe had not sold more than three vehicles in a 12 month period and that when Osawe was arrested it was his wife that was selling the vehicle at issue.

23. At the time of Osawe's arrest, his right to be free from unreasonable seizure was a clearly established Constitutional right.

24. The Defendants acted unreasonably and in reckless disregard for the truth that Osawe did not sell any vehicles.

25. As a result of the acts as described above, the Defendants deprived Osawe of his right to be free from unlawful seizure, in violation of the Fourth Amendment to the Constitution of the United States, causing damages to Osawe.

26. The acts of the Defendants described above were dishonest, intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

27. In addition to the relief requested above, the Plaintiff requests relief as described in the prayer for relief below.

*False Arrest*

**(Against all Defendants)**

28. Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein.

29. Osawe was restrained of his liberty by the Defendants under the probable imminence of force without legal cause or justification therefore.

30. Osawe suffered damages as a result of being arrested by the Defendants.

31. The acts of the Defendants described above were dishonest, intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

32. In addition to the relief requested above, the Plaintiff requests relief as described in the prayer for relief below.

*False Imprisonment*

**(Against all Defendants)**

33. Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein.

34. The Defendant's acts were intended to confine Osawe within boundaries fixed by the Defendants.

35. the Defendants acted directly or indirectly resulted in such confinement of Osawe

36. At all times relevant hereto, Osawe was conscious of the confinement or was harmed by it.

37. Osawe suffered damages as a result of being confined by the Defendants.

38. The acts of the Defendants described above were dishonest, intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

39. In addition to the relief requested above, the Plaintiff requests relief as described in the prayer for relief below.

WHEREFORE, the Plaintiff requests that this Court:

a. Enter a declaratory judgment that the actions complained of herein are unlawful and violate the United States Constitution and Nevada law.

b. Order Defendant to pay the compensation denied or lost to Plaintiff to date by reason of Defendant's unlawful actions, in amounts to be proven at trial;

c. Order Defendant to pay compensatory damages for the Plaintiff's lost property and emotional pain and suffering, in an amount to be proven at trial;

d. Order Defendant to pay exemplary and punitive damages;

e. Order Defendant to pay attorneys' fees and costs of the action pursuant to 42 U.S.C. 1988.

f. Order Defendant to pay interest at the legal rate on such damages as appropriate; and

g. Grant any further relief that the Court deems just and proper.

**6**

Respectfully submitted this December 24, 2018.

By: _____
Luke Busby
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*