Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COURAGE UHUMWNOMA OSAWE,<br><br>        Plaintiff(s),<br>    vs.<br><br>DMV INVESTIGATOR JENNIFER TINSLEY, DMV INVESTIGATOR BRIAN BOWLES, DMV INVESTIGATOR WILLIAM LYONS and DMV SERGEANT TODD PARDINI; and JOHN DOES I through X, inclusive<br><br>        Defendant(s).<br>_____/ | Case No.  3:18-cv-00600-RCJ-WGC<br><br>**MOTION TO COMPEL FILING OF AN ANSWER OR, IN THE ALTERNATIVE FOR A FINDING OF DEFAULT**<br><br>**ORAL ARGUMENT REQUESTED** |

COMES NOW, COURAGE UHUMWNOMA OSAWE, ("Osawe" or "Plaintiff"), by and through the undersigned counsel, and hereby files the following Motion to Compel Filing of an Answer or, in the Alternative, for a Finding of Default against DMV INVESTIGATOR JENNIFER TINSLEY ("Tinsley"), DMV INVESTIGATOR BRIAN BOWLES ("Bowles"), DMV INVESTIGATOR WILLIAM LYONS ("Lyons"), and DMV

SERGEANT TODD PARDINI ("Pardini") (collectively "the Defendants"); and JOHN DOES I through X, inclusive.

This Motion is made and based upon all of the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto (each of which is incorporated by this reference as though it were set forth hereat in haec verba), if any there be, as well as the points and authorities set forth directly hereinafter.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Plaintiff filed a Complaint in this matter on December 24, 2019 (Doc #1). On February 4, 2019, the Defendants filed a Motion for Summary Judgment (Doc #10). On February 8, 2019, the attorneys for the parties had a phone call. During this call, the undersigned counsel for the Plaintiff informed counsel for the Defendants that because only a motion for summary judgment was filed, that the Defendants were in default of their obligation to file a responsive pleading. The Defendants to date have not filed an answer to the Plaintiff's Complaint.

Although a party may move for summary judgment "at ay time until 30 days after the close of all discovery," under FRCP 56(b), the filing of a motion for summary judgment does not toll the time period for responding to an answer under FRCP 12(a)(1)(A)(ii), i.e. within 21 days after being served with the summons and complaint. Under FRCP 12(a)(4)(A), a "motion under this rule" (i.e. an FRCP 12 motion) alters the time period to answer a complaint. FRCP 12(b)1-6 provides the defenses permitted to be asserted in response to a complaint. A motion for summary judgment is not a defense permitted to be made by

2

motion under FRCP 12(b), nor any other provision of FRCP 12.

The Defendant's Motion for Summary Judgment (Doc #10) does not cite to FRCP 12, nor does it argue that the Plaintiff has failed to state a claim upon which relief may be granted, nor does it assert affirmative defenses or admissions or denials to the to the Plaintiff's claims in the Complaint as required by FRCP 8(b)(1)(A-B).

Under FRCP 12(d), if on a motion under Rule FRCP 12(b)(6) matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under FRCP 56.  However, this provision does not permit a party to file a motion for summary judgment in lieu of a motion under FRCP 12(b)(6) or an answer, nor does it permit the Court to construe an FRCP 56 motion as an FRCP 12(b)(6) motion.[1]

No provision in the Local Rules, including LR 7-2 governing motions, permits a party to file a motion for summary judgment in lieu of an FRCP 12(b)(6) motion.

FRCP 55(a) permits the Court to enter a default judgment when a party against whom a judgment for affirmative relief is sought has "failed to plead or otherwise defend."  Because the Defendants have failed to comply with the pleading requirements of both FRCP 12 and FRCP 8, a finding of default is justified.

WHEREFORE, the Plaintiff requests that the Court order the Defendants to file forthwith an answer to the Plaintiff's Complaint that complies with the requirements of FRCP 8, or, in the alternative, enter a finding of default as permitted by FRCP 55.

---

[1] *See Ricke v. Armco, Inc.*, 158 F.R.D. 149, 1994 WL 597305 (D. Minn. 1994) - a motion to dismiss presenting matters outside pleadings would not be considered a motion for summary judgment before an answer was filed, where summary judgment motion was mislabeled as a motion to dismiss to avoid filing an answer.

Respectfully submitted this February 26, 2019.

                                                                By: _____
                                                                Luke Busby
                                                                Nevada State Bar No. 10319
                                                                316 California Ave.
                                                                Reno, NV 89509
                                                               775-453-0112
                                                                luke@lukeandrewbusbyltd.com
                                                                *Attorney for the Plaintif*

**4**

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that on the date provided below, I caused service to be completed by:

_____    personally delivering;

_____    delivery via Reno/Carson Messenger Service;

_____    sending via Federal Express (or other overnight delivery service);

_____    depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

XXXX    delivery via electronic means (ECF, fax, eflex, NEF, etc.)

a true and correct copy of the foregoing document addressed to:

AARON D. FORD
Attorney General
NATHAN L. HASTINGS (Bar No. 11593)
Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 Wright Way
Carson City, NV 89711
(775) 684-4606 (phone)
(775) 684-4601 (fax)
NHastings@ag.nv.gov
Attorney for Defendants


By: _____    Dated: _____
Luke Busby