AARON D. FORD
  Attorney General
NATHAN L. HASTINGS (Bar No. 11593)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 Wright Way
Carson City, NV 89711
(775) 684-4606 (phone)
(775) 684-4601 (fax)
NHastings@ag.nv.gov
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COURAGE UHUMWNOMA OSAWE,<br><br>  Plaintiff,<br><br>  vs.<br><br>DMV INVESTIGATOR JENNIFER TINSLEY;<br>DMV INVESTIGATOR BRIAN BOWLES;<br>DMV INVESTIGATOR WILLIAM LYONS;<br>AND DMV SERGEANT TODD PARDINI;<br>AND JOHN DOES I THROUGH X,<br>INCLUSIVE,<br><br>  Defendants. | Case No. 3:18-cv-00600-RCJ-WGC<br><br>**OPPOSITION TO MOTION TO COMPEL SCHEDULING OF EARLY CASE CONFERENCE** |

Defendants Jennifer Tinsley, Brian Bowles, William Lyons, and Todd Pardini, by and through counsel Aaron D. Ford, Attorney General of the State of Nevada, and Nathan L. Hastings, Senior Deputy Attorney General, hereby submit their Opposition to Motion to Compel Scheduling of Early Case Conference.

This Motion is made and supported by the attached Memorandum of Points and Authorities and all other papers and pleadings on file herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Plaintiff's Motion is not Ripe.**

Plaintiff served Defendants with his Complaint on January 2, 2019. (See #4[1] - #7). On January 23, 2019, the Court ordered an extension for Defendants to respond to the Complaint by February 4,

---
[1] This number references the Court's docket number.

2019.  (#9).  On February 4, 2019, Defendants made their appearance and filed their Motion for Summary Judgment (#10, Motion for Summary Judgment and #11, Appendix).  Whereupon the time for the parties to confer was governed by Fed.R.Civ.P. 26(f) and Fed.R.Civ.P. 16(b).  Should it ultimately be required, the parties would need to meet to confer at least 21 days before a scheduling order is due under Rule 16(b), which is the earlier of 90 days after service on a defendant or 60 days after a defendant's appearance.  But Plaintiff filed the instant motion to compel on February 13, 2019. (#13).

Plaintiff's Motion is premature and unripe.  The requirement to meet and confer would not accrue until approximately a month after he filed the motion.  He filed his motion only 2 judicial days after having emailed Defendant's counsel about alternate dates.  (*See* #13-1 at 5).  This does not reflect a legitimate attempt to achieve a resolution of a disputed issue, or a reasonable amount of time to obtain alternate dates from Defendants.

According to Fed.R.Civ.P. 26(f) the parties do not have a duty to have an early conference "when the court orders otherwise."  As reflected in the emails attached to Plaintiff's Motion (#13-1 at 5), Defendants' counsel advised Plaintiff's counsel that Defendants intended to file a motion to request a stay of discovery from the court.  In other words, Plaintiff knew that Defendants would be requesting the very type of order that for purposes of Fed.R.Civ.P. 26(f), would delay the requirement for an early conference.

### B.  Plaintiff has Mischaracterized Defendants' Position.

Plaintiff asserts that Defendants have "refused to agree to schedule [an] ECC." (#13 at 2).  As reflected in the correspondence attached to Plaintiff's motion, Defendants communicated their intention to file a motion to stay discovery before any conference or report due dates would accrue.  (#13-1 at 5). Plaintiff appears to have interpreted a 2-day delay in an email response to also be a refusal to respond. (#13 at 2).  Defendants do not believe that Plaintiff's filing of the instant motion under these circumstances is a reasonable way to proceed.  Defendants' communications to date do not constitute a 'refusal to schedule an ECC.'

/ / /

/ / /

**C.     As Argued in Defendants' Concurrently Filed Motion to Stay Discovery (#17), Plaintiff's Motion to Compel Should be Denied as There is Good Cause to Stay Discovery in this Matter.**

When parties are required to confer under Rule 26(f), they develop and report their discovery plan, which triggers the court's issuance of a scheduling order under Rule 16. That scheduling order provides for the timing of disclosures and other discovery. As argued in Defendants' Motion to Stay Discovery (#17), Defendants will be prejudiced should they be required to engage in this discovery process before the preliminary and threshold issue of their immunity is determined by the Court. Therefore, Defendants request that the Court consider and deny Plaintiff's instant motion to compel, in conjunction with its consideration of their concurrently filed Motion to Stay Discovery (#17).

**D.     Plaintiff has not Shown Good Cause for any Order of Sanctions in the Form of Attorney's Fees under Fed.R.Civ.P. 37.**

For the reasons stated above, Plaintiff's counsel has not been reasonable in the filing of the instant motion. Defendants were not unresponsive. They made clear what position they would be taking. Instead of addressing that position, Plaintiff's motion is an attempt to mischaracterize the parties' communications to the court, and inaccurately paint Defendants' counsel in a negative light. There are no grounds for him to be rewarded for doing so.

DATED this 26th day of February, 2019.

                      AARON D. FORD
                      Attorney General

                      By:     /s/ Nathan L Hastings
                            NATHAN L. HASTINGS
                            Senior Deputy Attorney General
                            *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on February 26, 2019, I filed the foregoing document via this Court's electronic filing system. Parties that are registered with this Court's EFS will be served electronically as follows:

Luke Andrew Busby, Ltd.
316 California Avenue
Reno, NV 89509

/s/Barbara D. Cozens
An Employee of the Office of the
Attorney General