1  AARON D. FORD
     Attorney General
2  NATHAN L. HASTINGS (Bar No. 11593)
     Senior Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 Wright Way
   Carson City, NV 89711
5  (775) 684-4606 (phone)
   (775) 684-4601 (fax)
6  NHastings@ag.nv.gov
   *Attorney for Defendants*

7

8

9              **UNITED STATES DISTRICT COURT**

10                    **DISTRICT OF NEVADA**

11  COURAGE UHUMWNOMA OSAWE,          )        Case No. 3:18-cv-00600-RCJ-WGC
                                      )
12                  Plaintiff,        )
                                      )            REPLY TO OPPOSITION TO
13          vs.                       )        MOTION FOR SUMMARY JUDGMENT
                                      )
14  DMV INVESTIGATOR JENNIFER TINSLEY;)
    DMV INVESTIGATOR BRIAN BOWLES;    )
15  DMV INVESTIGATOR WILLIAM LYONS;   )
    AND DMV SERGEANT TODD PARDINI;    )
16  AND JOHN DOES I THROUGH X,        )
    INCLUSIVE,                        )
17                                    )
                    Defendants.       )
18

19          Defendants Jennifer Tinsley, Brian Bowles, William Lyons, and Todd Pardini, by and through

20  counsel Aaron D. Ford, Attorney General of the State of Nevada, and Nathan L. Hastings, Senior

21  Deputy Attorney General, hereby submit their Reply to Opposition to Motion for Summary Judgment

22  as to Plaintiff Courage Uhumwnoma Osawe's (Plaintiff or Courage Osawe, or Osawe) Complaint,

23  pursuant to Rule 56 of the Federal Rules of Civil Procedure.

24          This Reply is made and supported by the attached Memorandum of Points and Authorities and

25  all other papers and pleadings on file herein.

26  / / /

27  / / /

28  / / /

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.     In his Opposition (#12), Plaintiff Fails to Undermine Defendants' Showing of their Entitlement to Summary Judgment.**

> **1.     Defendants' Motion for Summary Judgment Sufficiently Supports its Statement of Undisputed Material Facts**

Plaintiff argues that Defendants have not sufficiently supported their motion for summary judgment because they did not include a declaration to support their statement of facts.  (#12 at 2-3). He ignores that Defendants clearly stated that the **only fact** put forward in the motion as an undisputed material fact, was this: that certain evidence which was known to Defendants at the time of his May 24, 2017, arrest, was presented at Plaintiff's December 7, 2017, preliminary hearing.  (#10 at 2-3, particularly *see* n. 4 at p.3).  Defendants cited the governing authority that makes the transcript of that preliminary hearing admissible and obviates any need for a declaration to authenticate its contents. (#10 at 3, see n. 2, court documents are admissible and self-authenticating pursuant to Fed. R. Evid. 803(6), (8), and Fed. R. Evid. 902(1), (2)).  Plaintiff cites no contrary authority and makes no reasoned argument that the preliminary hearing transcript is insufficient to support its contents.[1]    In fact, he ignores this legal standard altogether.

Plaintiff then argues that the evidence presented in Defendants' motion is insufficient to support summary judgment because it doesn't support the motion's factual assertions or show a lack of issues of genuine material fact.  (#12 at 3).  However, this line of argument relies on mischaracterization of Defendants' presentation of what the undisputed facts are.  For example, Plaintiff asserts:

> Defendants *argue* [ ], "That the purchaser of the 2003 Astro Van received
> a title for the vehicle, which may have had Courage Osawe's wife's name
> listed, but Courage Osawe signed the title over to the buyer, and
> represented that he had authority to do so." Motion at 3:12 (#12 at 3,
> emphasis added, internal citation omitted).

/ / /

---

[1] As Plaintiff himself has relied on the same form of evidence-rule based reasoning and citation for submission of an exhibit in his Opposition (see #12 at 5, n. 1), he should be precluded and estopped in connection with his position on this issue.

Plaintiff then goes on to reason that since Plaintiff's wife elsewhere gave contrary testimony about the title and selling of the Astro Van, there is a factual dispute that would preclude summary judgment. (#12 at 3). But Defendants did not make the argument Plaintiff references, and this type of alleged factual disagreement does not preclude summary judgment, because it doesn't go to the material facts presented by Defendants in their motion. Defendants did not ***argue*** that purchase and title issues related to the Astro Van were undisputed material facts. They made very clear that the individual items of evidence listed from the preliminary hearing were **NOT** put forward as the undisputed material facts to support their Motion. (#10 at 2-4, 9 see particularly n. 4, n. 8). Instead, the undisputed **material fact** was merely that the preliminary hearing transcript showed that when they arrested Plaintiff, **Defendants were aware of evidence**, including as to the Astro Van, **sufficient to support probable cause**. (*Id*.). Plaintiff cannot attempt to defeat summary judgment by arguing disputes of fact that are **not material**.

As fully argued in the motion for summary judgment (see #10 at 3, n.4, and at 9-13), and as further emphasized below, Defendants' entitlement to summary judgment based on probable cause and qualified immunity in this action, is independent of the ultimate truth of the type of individual facts Plaintiff is disputing. Defendants are entitled to that summary judgment based on their knowledge of, and reasonable reliance on evidence – not dependent on whether that evidence would ultimately be proved true in a criminal proceeding.

### 2.    Defendants' Motion for Summary Judgment is not Premature

Plaintiff's argument as to the timing of the filing of Defendants' motion for summary judgment is internally inconsistent. He acknowledges that according to Fed.R.Civ.P. 56, a motion for summary judgment may be filed at any time. (#12 at 3). But he argues that the motion is premature because there hasn't yet been discovery "on the merits of the matter." (*Id*.). He also cites to authority for the proposition that summary judgment is appropriate only after an opportunity for discovery. (*Id*. at 4). His reasoning fails.

First, as explained above, Plaintiff's characterization of what constitutes the 'merits of the matter' is incorrect. The merits for which Plaintiff wants to engage in discovery, would go to the ultimate truth of all the facts that would be part of a criminal case on the charges stemming from the

arrest at issue.  But those issues are not the merits of this action.[2]   This action is about whether, not in hindsight, Defendants had knowledge of evidence to give them probable cause, and whether they're entitled to qualified immunity.  Those issues are independent of the type of discovery Plaintiff relies on as a basis for denying summary judgment.

Additionally, when as here, qualified immunity has been raised as a threshold and preliminary defense, the authority cited by Plaintiff about discovery being required prior to summary judgment, does not apply. "One of the purposes of immunity, absolute **or qualified**, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." (*Siegert v. Gilley*, 500 U.S. 226, 232 (1991), emphasis added).  Qualified immunity is recognized by the Supreme Court as a right, not merely to avoid standing trial, but also, "to avoid the burdens of such pretrial matters as discovery." (*Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) citations omitted).

"Once a defendant pleads a defense of qualified immunity, **'[o]n summary judgment**, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred.... **Until this threshold immunity question is resolved, discovery should not be allowed**.'"  (*Siegert*, 500 U.S. at 231, emphasis added, citations omitted; see also *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts routinely hold that discovery should be stayed in the context of an immunity defense.  (*See Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir.1988).) (staying discovery until immunity was decided furthered the goal of efficiency for court and litigants); (*Harris v. Thom*, 481 F. App'x 394, 395 (9th Cir. 2012)) (district court did not

---

[2] Plaintiff's alleged example, relying on his declaration, regarding having been told previously by Defendants that he could sell a certain number of vehicles per year, does not preclude summary judgment.  Whether Defendants made this communication has no bearing on whether they had knowledge of sufficient evidence for probable cause to arrest based on all the issues presented at the preliminary hearing.  The fact that a person is entitled to sell a certain number of vehicles per year without running afoul of NRS 482.322 and NRS 482.020 comes from the statues themselves, not Defendants' alleges statements to Plaintiff.  And based on Defendants' knowledge of evidence of the number of vehicles listed by Plaintiff in connection with the 2017 arrest, they had probable cause to believe he had likely sold the requisite number of vehicles and engaged in the other statutory elements, regardless of whether they previously discussed that vehicle number with him, or whether that number could ultimately be disproved by him as a defense, or proved by a prosecutor in a criminal proceeding.

abuse its discretion staying discovery pending resolution of qualified immunity claim); (*Zamora v. City of Belen*, 229 F.R.D. 225, 228 (D.N.M. 2005)) (defendant was entitled by law to a stay of proceedings until the Court resolved immunity issues).

These cases clearly anticipate the filing of summary judgment motions prior to discovery in qualified immunity cases. Based on this authority, because Defendants' motion pleads the defense of qualified immunity as a preliminary and threshold defense, lack of discovery does not bar the filing of a motion for summary judgment.

### 3.    Plaintiff Misapprehends what Facts are Material to the Motion for Summary Judgment

Plaintiff has asserted multiple factual issues which he argues preclude summary judgment in this matter. (#12 at 4-9). However, none of these factual disputes undermine Defendants' showing, from the preliminary hearing transcript, that they had knowledge of evidence pointing to multiple elements of the NRS 482.322(1) and NRS 482.020(1)(a),(b) offense. This included evidence of: multiple advertisements on Craigslist (at least 4), in which Courage Osawe's phone number had been listed as the contact number in "offering and displaying for sale," "inducing a person to buy," and "representing that he had the ability to sell" interest in a vehicle. (11-1 at DMV 009-011, 059, 060, 061-065, 154-155, 162-167). Likewise, Defendants were aware of evidence that Plaintiff had painted or marked the window of at least one of the vehicles listed for sale, with a price and with his phone number. (*Id.* at DMV 046, 084, 086, 152-153). This also constituted evidence of probable cause of Plaintiff engaging in the same offense elements just listed.

Defendants had knowledge of evidence that Plaintiff acted to effectuate the sale of a 2003 Astro Van. In connection with that transaction, Defendants reasonably believed Courage Osawe was the exclusive point of contact with the buyer (*Id.* at DMV 009-012, 014, 017); and that the buyer indicated that Plaintiff negotiated the sale, represented that he had authority to sign in his wife's name, and signed the title over to the buyer (*Id.* at DMV 016, 020-022). This constituted evidence of probable cause that Plaintiff had "negotiated a sale" and "represented an ability to negotiate the sale or exchange of an interest in a vehicle" for purposes of those elements of the NRS 482.322(1) and NRS 482.020(1)(a),(b) offense.

As to the same elements, Defendants also had knowledge of evidence that in relation to any of the vehicle listings referenced above, for which a known buyer or investigator had called the listed phone number (Plaintiff's phone number), it was Plaintiff who answered the call and represented himself as seller. (*Id*. at DMV 012, 027-029, 085).

Defendants had knowledge that Courage Osawe did not possess the required license to sell vehicles as a dealer for purposes of that element of NRS 482.322(1)(a)-(b). (*Id*. at DMV 071, 104). And Defendants had knowledge that Osawe had a prior 2015 conviction for the same offense of operating as a vehicle dealer without a license, for purposes of determining the element of 'second offense,' under NRS 482.322(5)(b). (*Id*. at DMV 112-113, 173-177).

In his statement of facts, Plaintiff has not included any facts that dispute Defendants' single statement of fact in support of their summary judgment motion: that as shown by the preliminary hearing, they had knowledge of certain evidence. This evidence of acts and circumstances relating to Courage Osawe, warranted a prudent person to believe or conclude that there was a fair probability that he had committed at least some of the elements of the offense at issue. *U.S. v. Puerta*, 982 F.2d 1297, 1300 (9th Cir. 1992); *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986), emphasis added, *Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir. 1994). Therefore, Plaintiff has not undermined Defendants' showing that they had probable cause to arrest Plaintiff on the charge of acting as a dealer without the required license, and they are immune from suit. *Hutchinson v. Grant,* 796 F.2d 288, 290 (9th Cir. 1986). Based on the governing authorities, fair probability is all that is required for probable cause, and a Plaintiff cannot try to hold an arresting officer to the standard of being a legal technician as to every offense element before making an arrest. *Gasho*.

In effect, What Plaintiff is arguing is that to be entitled to summary judgment, Defendants would have to show that the underlying facts of the previously dismissed criminal charge are undisputed, such that Defendants would be entitled to a directed verdict if they were prosecuting a criminal action against Plaintiff. But Defendants are not in that position, and they have no such burden. They are demonstrating undisputed material facts merely as to what evidence was before them for their

/ / /

/ / /

probable cause determination and their entitlement to qualified immunity.  They don't have to show that all the facts related to that evidence are ultimately and undisputedly true, in hindsight, as a matter of law.

### 4.   The Events on the Date of Plaintiff's Arrest, May 24, 2017, are not Determinative of Whether Defendants had Probable Cause to Arrest on that Date.

Plaintiff gives undue weight to the fact that Defendants arrested Plaintiff on May 24, 2017, in what he describes as a 'sting operation,' at which his wife, not he, took charge of the attempted sale transaction. (#12 at 9-12).  The crucial point here is this: as a basis for the arrest, and prior to the arrest date, Defendants had knowledge of evidence to support probable cause as to multiple elements of the statutory offense at issue.  Therefore, whether they arrested him at his home, at the grocery store, or (as Defendants reasonably observed and believed) while he sat nearby in another vehicle supervising while his wife was acting as his agent to attempt to effectuate the sale of a vehicle he had previously coordinated over the phone (*see* #11-1 at DMV 029-031), is irrelevant.  As described in the motion, Defendants' knowledge of evidence for purposes of probable cause and qualified immunity was based on statutory offense elements related to listing vehicles on line, painting his phone number on car windows, answering calls to discuss and negotiate sales, and a prior sale of a different vehicle, independent of the 'sting operation' on the date of arrest. (#10 at 2-4).  The motion for summary judgment did not rely on, or even make reference to the incident on the date of arrest at all (*Id*.), and it didn't have to.

Plaintiff's reasoning, that an arrestee must have actually been effectuating a sale transaction at the time of arrest in order for an arrest on the charged offense to be valid, would lead to absurd results. A person acting as an unlicensed dealer could list vehicles, discuss vehicles with buyers, arrange meetings and engage in other conduct constituting 'offering, negotiating, inducing, representing, and attempting to do so' for purposes of NRS 482.020, but as long as he sent someone else to complete the sale transaction, he couldn't be arrested under the statute.  Plaintiff cites no authority to support this position.

Based on this same faulty characterization of the 'sting operation' on the arrest date, Plaintiff argues that since Defendants didn't "witness Osawe committing any crime," their analogy about

offense elements and probable cause for arrest fails.  (#12 at 9-10).  But his argument misapprehends the offered analogy.  As explained in the motion, even assuming the "3+ vehicles sold" component of the offense statute were an element instead of a defense, because an officer doesn't need probable cause of all elements (*Gasho*), Defendants didn't need to 'witness' that particular component of the statute to have sufficient probable cause for arrest.  (#10 at 8-9, n.7)  Whether discussing homicide or illegal acting as a dealer, the issue isn't actual witnessing or observing an act while it is occurring, rather whether there is probable cause as to some of the elements, sufficient for an arresting officer to be immune from civil suit for purposes of *Gasho* and qualified immunity.

> ###        5.        Plaintiff has not Undermined Defendants' Showing of their Entitlement to Qualified Immunity

In their motion for summary judgment, Defendants have shown that there was no "clearly established" authority, placing the "question beyond debate" (*see* #10 at 11, citation to *Kisela*) that in light of evidence of which they were aware, arresting Plaintiff violated his constitutional rights.  (#10 at 11-13).  Specifically, they argued that in order to undermine their entitlement to qualified immunity, Plaintiff would have to establish the existence of the following conjectural three-fold legal standard: First, he would have to establish that there is a clear standard, beyond debate under NRS 482.322, that NRS 482.020(2)(b)'s reference to a "person who sells not more than three personally owned vehicles in any 12-month period," is an element of the offense, and not a defense.  Defendants are unaware of any case law authority on this statute that would clearly mandate this position, and the justice court below (in finding probable cause for bind-over) clearly did not know there was any clear authority for such a position.  Second, Plaintiff would have to establish that it is beyond debate that the legal standards governing probable cause clearly require an arresting officer to have probable cause as to **all** elements of an offense prior to arrest.  As cited multiple times in Defendants' motion, this is impossible because the clearly established governing legal standard is that an officer "need not have probable cause for every element of the offense."  *United States v. Thornton*, 710 F.2d 513, 515 (9th Cir.1983)."  *Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir. 1994), quote citation omitted, emphasis added, see also *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).  And third, even if Plaintiff could show the existence of these two standards that do not exist, he would also have to show that they were so well

established that they would be accepted by "all but the plainly incompetent[3] or those who knowingly violate the law.'" *Stanton v. Sims*, 571 U.S. 3, 6, 134 S.Ct. 3, 5 (2013) (quoting *Ashcroft v. al–Kidd*, 563 U.S., 131 S.Ct. 2074, 2085 (2011)).

Plaintiff did not respond to this argument from Defendants' motion at all.  While Plaintiff has acknowledged the governing qualified immunity legal standard (#12 at 13), and cited to basic undisputed Fourth Amendment law, he has failed to cite a single legal authority, not one, purporting to clearly establish or place beyond debate, that arrest based on knowledge of evidence similar to that held by Defendants in this case, would violate an arrestee's rights or otherwise be unlawful.  (#12 at 13-14). Therefore, has not met his burden in responding to Defendants' proffered qualified immunity defense. For this and all the other reasons stated in the motion for summary judgment and herein, Defendants are entitled to judgment based on qualified immunity.

In this section of his opposition, Plaintiff again relies on his characterizations of his limited participation at the time of the 'sting operation.'  (#12 at 13).  But as already explained, probable cause for arrest need not be based on him being the primary selling person, or even being involved at all at the time of that incident.  Defendants had probable cause as to multiple other offense elements.

## 6.   Plaintiff has not undermined Defendants' Showing that his Pendent State Law Claims Also Fail as a Matter of Law

Plaintiff's state law claims fail because they would require him to show that his arrest was unlawful and without any legal cause or justification.  (*Jordan v. State ex re. Dept. of Motor Vehicles*

---

[3] This third hypothetical requirement for Plaintiff cannot legitimately be proffered, as demonstrated by the fact that during the preliminary hearing, the Justice Court rejected Osawe's legal position and found probable cause and sufficient evidence existed to bind the case over for trial. (#11-1 at DMV 148, *also see* 136-148).  Regardless of what position may have been ultimately taken by the State District Court, surely a contrary legal standard cannot be "beyond debate", and surely a DMV Compliance Enforcement Officer cannot be expected to be on notice that his arrest would be "clearly unlawful", if the underlying charge was found by a justice of the peace to be supported by probable cause.  Stated another way, as the justice court and the district court appear to have disagreed, the legal principle cannot be "beyond debate".  Additionally, Defendants would not reasonably have been on notice that their arrest would violate clearly established rights, when Plaintiff previously pled guilty to the same offense, based on the same type of evidence, following his 2015 arrest. (#10 at 4, item 12; *see* #17 at 3-5).  Plaintiff's own self-serving assertions regarding his reasons for pleading guilty in 2015 (#12-1 at 2-3), have no bearing on Defendants' entitlement to qualified immunity, which is based on evidence known to them, which did not include Plaintiff's current assertions regarding that 2015 case.

*and Public Safety*, 121 Nev. 44, 69, 110 P.3d 30, 48 (Nev. 2005).  For all the reasons stated herein and in Defendants' motion for summary judgment, they had probable cause for his arrest and/or are entitled to qualified immunity.  Therefore, the arrest cannot have been unlawful or without any legal cause or justification.

Plaintiff asserts that "[d]efendants arrested [him] despite the fact that they **knew** he had not sold more than three vehicles in a twelve month period and the fact that Osawe did not participate in the sale of the vehicle that was the subject of the sting operation."  (#12 at 15, emphasis added).  This is a blatant and clear mischaracterization.  First, while Plaintiff has argued that Defendants didn't have evidence to support probable cause that he had sold more than 3 vehicles, there is nothing whatsoever in the record, or even in his own statement of facts, to support a statement that Defendants "knew" he had not done so.  If the number of vehicles sold is a statutory defense, it is not Defendants' obligation to know that number, one way or the other prior to arrest.  And if it is a statutory element, it is only one of several elements, and while a prosecutor would surely have to prove it at criminal trial, the arresting officer would not necessarily have to even have probable cause as to that specific element (*Gasho*), much less know the number of vehicles.

Second, it is undisputed that Plaintiff arrived at the same time and was nearby in another vehicle to observe the vehicle sale at the time of the 'sting operation' referenced.  (#11-1 at DMV 029-031, #12-1 at 2).  So again, to say that Defendants knew he had no participation in that instance is a mischaracterization of their awareness of events.

In their motion, Defendants showed that Plaintiff's pendent state law claims are precluded by Nevada's discretionary act immunity, and occupational licensing immunity statutes.  (#10 at 14, citing to NRS 41.032, NRS 622A.150, and related authority).  Plaintiff has failed to acknowledge or respond to this authority and argument, and he fails to cite any contrary authority or make any contrary argument.  Therefore, it appears he has conceded the argument and Defendants should be granted judgment on Plaintiff's pendent state law claims.

**CONCLUSION**

For the sake of argument, even if the truth of every disputed factual argument put forward by Plaintiff in his opposition were assumed or conceded, he already has his remedy.  By showing that he

did not violate the NRS 482 provisions at issue, he would be entitled to prevail at criminal trial, or to have his charges dismissed by the state trial court in the criminal action.  This occurred.  That is his remedy.  He is not entitled to damages against investigating and arresting officers who had probable cause to arrest on at least some offense elements, and are entitled to qualified immunity.  All relevant and governing legal authority, as cited in Defendants' motion and in this reply, provides that they acted reasonably and without any knowledge that it was beyond debate that their conduct would clearly violate Plaintiff's rights.  Plaintiff has cited no contrary authority.  Defendants are entitled to judgment as a matter of law.

   RESPECTFULLY SUBMITTED this 27th day of February, 2019.

            AARON D. FORD
            Attorney General

        By:  /s/ Nathan L Hastings____
            NATHAN L. HASTINGS
            Senior Deputy Attorney General
            *Attorney for Defendants*

1

2

**CERTIFICATE OF SERVICE**

3

   I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that

4

on February 27, 2019, I filed the foregoing document via this Court's electronic filing system. Parties

5

that are registered with this Court's EFS will be served electronically.  For those parties not registered,

6

service was made by depositing a copy of the above-referenced document for mailing in the United

7

States Mail, first-class postage prepaid, at Carson City, Nevada to the following:

8

   Luke Andrew Busby, Ltd.

9

   316 California Avenue
   Reno, NV 89509

10

11

         /s/ Alice Coffman     
         An Employee of the Office of the Attorney General

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28