Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COURAGE UHUMWNOMA OSAWE,<br><br>  Plaintiff(s),<br>vs.<br><br>DMV INVESTIGATOR JENNIFER TINSLEY, DMV INVESTIGATOR BRIAN BOWLES, DMV INVESTIGATOR WILLIAM LYONS and DMV SERGEANT TODD PARDINI; and JOHN DOES I through X, inclusive<br><br>  Defendant(s).<br>_____/ | Case No. 3:18-cv-00600-RCJ-WGC<br><br>**RESPONSE IN OPPOSITION TO MOTION TO STAY DISCOVERY**<br><br>**ORAL ARGUMENT REQUESTED** |

COMES NOW, COURAGE UHUMWNOMA OSAWE, ("Osawe" or "Plaintiff"), by and through the undersigned counsel, and hereby files the following Response in Opposition to the February 26, 2019 Motion to Stay Discovery ("Motion") (Doc #17) filed by DMV INVESTIGATOR JENNIFER TINSLEY ("Tinsley"), DMV INVESTIGATOR BRIAN BOWLES ("Bowles"), DMV INVESTIGATOR WILLIAM LYONS ("Lyons"), and DMV

1

SERGEANT TODD PARDINI ("Pardini") (collectively "the Defendants"); and JOHN DOES I through X, inclusive.

This Opposition is made and based upon all of the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto (each of which is incorporated by this reference as though it were set forth hereat in haec verba), if any there be, as well as the points and authorities set forth directly hereinafter.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Defendants argue that once a Defendant pleads a defense of qualified immunity discovery should not be allowed. *See* Motion at 2:6 quoting *Siegert v. Gilley*, 500 U.S. 226, 231 (1991). The Defendants cite cases in which Courts (or appeals Courts) have found that discovery should be stayed when immunity is a threshold matter, including *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) and *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998).

There is no absolute rule as to whether the issue of qualified immunity must be resolved prior to permitting discovery. See *Anderson v. Creighton*, 483 U.S. 635, 646, 107 S. Ct. 3034, 3042 (1987) where there are disputed issues of fact discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved. As argued in the Plaintiff's February 13, 2019, Response in Opposition to the February 4, 2019 Motion for Summary Judgment (Doc #12), Osawe cannot be expected to present facts essential to justify his opposition to the Defendants qualified immunity claims, such as the applicable phone records from the incident, records of any communications between the Defendants relevant to Osawe's claims, testimony from the Defendants as to their communications

during the sting operation at issue in this case, the identity of the alleged complainant identified in the probable cause reports of the Defendants and the nature of his/her complaint, any evidence related to the knowledge of the Defendants as to the exception in the law that would permit Osawe to sell three vehicles within a 12 month period and their communications to the Plaintiff regarding the exception, and records of the Defendants generally, without any discovery. *See McMillen v. Windham*, No. 3:16-CV-558, 2018 WL 652830, at *2–3 (W.D. Ky. Jan. 31, 2018) - in some circumstances refusing to stay discovery pending resolution of motion to dismiss based on qualified immunity is justified, i.e. where a litigant prematurely seeks summary judgment, as is the case in this matter.

      WHEREFORE, the Plaintiff requests that the Defendant's Motion be denied by the Court.

Respectfully submitted this March 6, 2019.

By: _____/s/ Luke A. Busby_____
Luke Busby
Nevada State Bar No. 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintif*

3

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I certify that on the date provided below, I caused service to be completed by:

_____   personally delivering;

_____   delivery via Reno/Carson Messenger Service;

_____   sending via Federal Express (or other overnight delivery service);

_____   depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

XXXX   delivery via electronic means (ECF, fax, eflex, NEF, etc.)

a true and correct copy of the foregoing document addressed to:

AARON D. FORD
Attorney General
NATHAN L. HASTINGS (Bar No. 11593)
Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 Wright Way
Carson City, NV 89711
(775) 684-4606 (phone)
(775) 684-4601 (fax)
NHastings@ag.nv.gov
Attorney for Defendants

By: _/s/ Luke A. Busby_         Dated: 3/6/2019
Luke Busby

4