AARON D. FORD
   Attorney General
NATHAN L. HASTINGS (Bar No. 11593)
   Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 Wright Way
Carson City, NV 89711
(775) 684-4606 (phone)
(775) 684-4601 (fax)
NHastings@ag.nv.gov
*Attorney for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COURAGE UHUMWNOMA OSAWE, <br><br> Plaintiff, <br><br> vs. <br><br> DMV INVESTIGATOR JENNIFER TINSLEY; DMV INVESTIGATOR BRIAN BOWLES; DMV INVESTIGATOR WILLIAM LYONS; AND DMV SERGEANT TODD PARDINI; AND JOHN DOES I THROUGH X, INCLUSIVE, <br><br> Defendants. | Case No. 3:18-cv-00600-RCJ-WGC <br><br><br> **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY** |

Defendants Jennifer Tinsley, Brian Bowles, William Lyons, and Todd Pardini, by and through counsel Aaron D. Ford, Attorney General of the State of Nevada, and Nathan L. Hastings, Senior Deputy Attorney General, hereby submit their Reply to Plaintiff's Opposition to Motion to Stay Discovery.

This Reply is made and supported by the attached Memorandum of Points and Authorities and all other papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

    **A.**    **Plaintiff has not Shown that Stay of Discovery is Improper in this Case.**

Plaintiff argues that discovery should not be stayed in this case, based on his assertion that he cannot present facts "essential to justify his opposition to the Defendants" qualified immunity claims without discovery. (#24 at 2). But this argument ignores the established nature of the material fact that has been presented to support qualified immunity, and misapprehends the standard for qualified

immunity as it applies in this case.

Defendants are entitled to qualified immunity based on their knowledge of evidence (for purposes of probable cause) as presented at the preliminary hearing before the Sparks Justice Court. (#10 at 2-4, #11-1). The only material fact in this case, which is that this evidence was presented at the preliminary hearing, and therefore known by Defendants in connection with their arrest of Plaintiff, is undisputed. Nothing argued by Plaintiff in his Opposition (#12) to the Motion for Summary Judgment, or in his Opposition (#24) to the Motion to Stay, even attempts to dispute that this evidence as to multiple arrest-offense elements, was presented at the preliminary hearing and thus known by Defendants. Additionally, in opposing Defendants' Motion for Summary Judgment as to qualified immunity, Plaintiff has failed entirely to cite to any authority whatsoever that would clearly establish beyond debate (for purposes of qualified immunity) that his arrest in this case, while upheld at his preliminary hearing, was without probable cause in violation of his rights. (#12 at 13-14[1]; *see also* argument at #23 at 8-9).

---

[1] The only case cited by Plaintiff, in arguing specifically that Defendants' conduct in arresting him is not entitled to qualified immunity, is *Scott v. City of San Bernandino*, 903 F.3d 943, 949, (9th Cir. 2018). (#12 at 14). But *Scott* could not be more inapposite. In that case, a school police resource officer arrested multiple 7th grade students solely because he determined that they were not being cooperative with him. (*Scott*, 903 F.3d at 946). The court's discussion of officer conduct as addressed in *Scott* does not constitute authority that would put a reasonable officer in Defendants' position on notice that it was beyond debate that the circumstances of their arrest of Plaintiff in this case would be clearly unlawful. *See Anderson v. Creighton*, 483 U.S. 635, 640-41, 107 S. Ct. 3034, 3039-40 (1987), where the Court of Appeals was overruled for applying qualified immunity analysis similar to Plaintiff's arguments in this case:

> Anderson contends that the Court of Appeals misapplied these principles. We agree. The Court of Appeals' brief discussion of qualified immunity consisted of **little more than an assertion that a general right** Anderson was alleged to have violated—the right to be free from warrantless searches of one's home unless the searching officers have probable cause and there are exigent circumstances—**was clearly established**. The Court of Appeals specifically refused to consider the argument that it was *not* clearly established that the circumstances with which Anderson was confronted did not constitute probable cause and exigent circumstances. The previous discussion should make clear that this refusal was erroneous. **It simply does not follow immediately from the conclusion that it was firmly established that warrantless searches not supported by probable cause and exigent circumstances violate the Fourth Amendment that Anderson's search was objectively legally unreasonable**. We have recognized that it is inevitable that law enforcement **officials will in some cases reasonably but mistakenly conclude that probable cause is present**, and we have indicated that in such cases those officials —like other officials who act in ways they

As Plaintiff acknowledges (#24 at 2), Defendants' Motion to Stay cites several cases for the general proposition that when a preliminary and threshold qualified immunity defense has been brought in a motion for summary judgment, discovery should be stayed until the qualified immunity defense has been decided, to spare defendants from the burdens of pretrial matters such as discovery. (#17 at 1-2[2]).

In arguing that this general rule should not apply, Plaintiff cites to *Anderson v. Creighton*, 483 U.S. 635, 646, 107 S. Ct. 3034, 3042 (1987) and *McMillen v. Windham*, No. 3:16-cv-558, 2018 WL 652830, at *2-3 (W.D.Ky.Jan.31, 2018), for the proposition that "[t]here is no absolute rule as to whether the issue of qualified immunity must be resolved prior to permitting discovery." (#24 at 2-3). However, these are misleading citations. *Anderson's* majority opinion and holdings do not support allowing discovery in this case, and *McMillen*[3] is a highly distinguishable case from a non-governing circuit. In *Anderson*, the United States Supreme Court vacated the Court of Appeals' reversal of a district court's grant of summary judgment for qualified immunity. *Anderson*, 483 U.S. at 646. One of the Court of Appeals' holdings was that factual disputes requiring discovery precluded summary judgment. *Id*. at 637-38. In declining to uphold the Court of Appeals as to the discovery issue and in

---

reasonably believe to be lawful—**should not be held personally liable**.
*Anderson*, 483 U.S. at 640-41, emphasis added, citations omitted.

[2] See citations to *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir.1988); *Harris v. Thom*, 481 F. App'x 394, 395 (9th Cir. 2012); and *Zamora v. City of Belen*, 229 F.R.D. 225, 228 (D.N.M. 2005).

[3] The circumstances of the *McMillan* case were very different from this case. First, *McMillan* was not a case involving arrest for an underlying criminal charge (2017 WL 6996255); therefore, there was no record akin to what we have here: a preliminary hearing to establish what knowledge of evidence the arresting officers had in making their arrest. Here, there is a transcript of such a hearing to obviate the need for the discovery the court found necessary in *McMillan*. (#10 at 2-4, #11-1). In *McMillan*, the Court's rationale for allowing discovery despite a pending qualified immunity defense included the following differences from this case: **1**- that it was appropriate to allow discovery on factual issues raised in a defendant's motion to dismiss, *McMillan*, 2018 WL 652830 at 2. **Here**, the only factual matter raised in Defendants' Motion for Summary Judgment is the transcript of the preliminary hearing, which is self-authenticating and its content is not disputed by Plaintiff.; **2**- that there were independent claims that would survive a grant of qualified immunity, so discovery should at least be allowed as to those, (*Id*.). **Here**, there are no independent claims that will survive if Defendants' qualified immunity defense is upheld. **3**- that the qualified immunity arguments in that case were brought by a rule 12(b) motion to dismiss, rather than in a summary judgment motion, (*Id*. at 3). **Here**, Defendants are entitled to summary judgment based on their knowledge of evidence as shown from the preliminary hearing, their motion is not a rule 12 dismissal motion; and **4- Primarily**, the Court reasoned that defendants in that case were not entitled to stay of discovery because they conceded that prior to seeking such stay, they had served written discovery requests to the plaintiff and had participated in a deposition of a witness, thereby demonstrating that they were amenable to participating in discovery in spite of the arguments in their motion to stay, (*Id*.). **Here**, consistent with the arguments of their motion to stay, Defendants have not engaged in any discovery.

rejecting an argument akin to Plaintiff's in this case, the Supreme Court reasoned as follows:

> Noting that no discovery has yet taken place, the Creightons renew their argument that, whatever the appropriate qualified immunity standard, some discovery would be required before Anderson's summary judgment motion could be granted. We think the matter somewhat more complicated. One of the purposes of the *Harlow* qualified immunity standard is to **protect public officials from the "broad-ranging discovery"** that can be "peculiarly disruptive of effective government." 457 U.S., at 817, 102 S.Ct., at 2737–2738 (footnote omitted). For this reason, we have emphasized that **qualified immunity questions should be resolved at the earliest possible stage of a litigation**. *Id*., at 818, 102 S.Ct., at 2738. *See also Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). **Thus, on remand**, **it should first be determined whether the actions the Creightons allege Anderson to have taken are actions that a reasonable officer could have believed lawful. If they are, then Anderson is entitled to dismissal prior to discovery**. Cf. *ibid*. If they are not, and if the actions Anderson claims he took are different from those the Creightons allege (and are actions that a reasonable officer could have believed lawful), then discovery may be necessary before Anderson's motion for summary judgment on qualified immunity grounds can be resolved. Of course, any such discovery should be tailored specifically to the question of Anderson's qualified immunity.

*Anderson*, 483 U.S. at 646, n.6, emphasis added

As just cited, the *Anderson* majority first supported and emphasized the rationale of the cases Defendants have cited[4] for limiting burdensome discovery until qualified immunity is resolved. (*Id*.). Then the Court held that on remand, the defendant was entitled to dismissal **prior to discovery**, upon an initial determination that the officers could have reasonably believed that actions to be lawful. (*Id*.). In this case, the threshold defense raised by Defendants, that they reasonably believed their arrest to be lawful, constitutes the same initial, pre-discovery, court-made determination required by *Anderson*. Here, as made clear by the preliminary hearing transcript, there is no dispute as to the actions of Defendants – the arrest was made on the date referenced pursuant to the evidence described in the preliminary hearing. *Anderson* does not support Plaintiff's position that he is entitled to discovery prior to a ruling on Defendants' qualified immunity defense.

Defendants openly concede that there are surely many cases where the factual bases to support and/or refute a qualified immunity defense may not be known to a defendant or a plaintiff prior to discovery. In such cases, the qualified immunity defense is unlikely to be brought as a threshold preliminary defense, but rather in a post-discovery motion. But this is not such a case. Because the

---

[4] *See* n. 2.

factual issues regarding qualified immunity are firmly established by the preliminary hearing, they are known and have been equally available to all parties since the time of that preliminary hearing. Therefore, no additional discovery is warranted as to Defendants' threshold qualified immunity defense in this case.

Plaintiff asserts that he needs to conduct discovery as to issues including phone records from the actual date of arrest, records of communications between Defendants, and circumstances surrounding the so-called 'sting operation' at which he was arrested[5]. (#24 at 2-3). Plaintiff has not shown that the discovery he would like to conduct might result in evidence to refute the material fact from the preliminary hearing, already presented to support Defendants' qualified immunity. In reality, Plaintiff is arguing that he wants to depose and serve other discovery to "re-cross examine" Defendants' preliminary hearing testimony, as if the oath they took on December 7, 2017, was insufficient to support whether they actually had knowledge of the matters testified to that day. In a case such as this, the factual matters regarding known evidence were adequately developed at the preliminary hearing for purposes of qualified immunity analysis. Consistent with the majority's rationale in *Anderson*, a § 1983 suit should not be permitted to function as a supplemental vehicle to use discovery as a burdensome fishing expedition to determine if Defendants may have known additional evidence, now viewed in hindsight of a State Justice Court's upholding of charges, and then District Court's subsequent dismissal of charges, to be used to nit-pick and second guess the decisions of officers that were reasonable in light of existing authority and evidence at the time they were made.

Defendants' Motion to Stay Discovery should be granted

DATED this 11th day of March, 2019.

                                                AARON D. FORD
                                                Attorney General

                                                By:    /s/ Nathan L Hastings
                                                            NATHAN L. HASTINGS
                                                           Senior Deputy Attorney General
                                                           *Attorney for Defendants*

---

[5] Defendants have shown that Plaintiff has given undue weight to the circumstances of the so-called sting operation on the date of his arrest. (*See* #23 at 7-8). Probable cause need not be tied to that incident; for purposes of the qualified immunity analysis in this case, prior to the date of arrest, there was already sufficient probable cause as to multiple statutory offense elements to support arrest, independent of the circumstances related to the vehicle at issue on the date of the arrest. (*Id.*).

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on March 11, 2019, I filed the foregoing document via this Court's electronic filing system. Parties that are registered with this Court's EFS will be served electronically as follows:

Luke Andrew Busby, Ltd.
316 California Avenue
Reno, NV 89509

/s/Barbara D. Cozens
An Employee of the
Office of the Attorney General