AARON D. FORD
   Attorney General
NATHAN L. HASTINGS (Bar No. 11593)
   Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 Wright Way
Carson City, NV 89711
(775) 684-4606 (phone)
(775) 684-4601 (fax)
NHastings@ag.nv.gov
*Attorney for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COURAGE UHUMWNOMA OSAWE,<br><br>          Plaintiff,<br><br>  vs.<br><br>DMV INVESTIGATOR JENNIFER TINSLEY;<br>DMV INVESTIGATOR BRIAN BOWLES;<br>DMV INVESTIGATOR WILLIAM LYONS;<br>AND DMV SERGEANT TODD PARDINI;<br>AND JOHN DOES I THROUGH X,<br>INCLUSIVE,<br><br>          Defendants. | Case No. 3:18-cv-00600-RCJ-WGC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FILING OF AN ANSWER OR, IN THE ALTERNATIVE FOR A FINDING OF DEFAULT** |

      Defendants Jennifer Tinsley, Brian Bowles, William Lyons, and Todd Pardini, by and through counsel Aaron D. Ford, Attorney General of the State of Nevada, and Nathan L. Hastings, Senior Deputy Attorney General, hereby submit their Opposition to Plaintiff's Motion to Compel Filing of an Answer or, in the Alternative for a Finding of Default.

      This Opposition is made and supported by the attached Memorandum of Points and Authorities and all other papers and pleadings on file herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

      On February 4, 2019, Defendants appeared in this matter by filing their Motion for Summary Judgment. (#10). Plaintiff now moves the Court to order Defendants to file an answer in this case, or alternatively be found in default. (#16). Plaintiff's arguments are unsound and should be rejected.

First, Defendants point out that Plaintiff has taken inconsistent positions on this issue. Following the filing of Defendants' Motion for Summary Judgment, Plaintiff filed a motion for the Court to compel Defendants to participate in an early case conference. (#13). Therein, he implicitly reasoned that Defendants' Motion for Summary Judgment constituted the type of responsive pleading that would trigger the requirements of Fed.R.Civ.P. 26(f).[1] (*Id*. at 2). It is inconsistent for him to now argue that the Defendants' Motion for Summary Judgment does not constitute their acting to "plead or otherwise defend" for purposes of Fed.R.Civ.P. 55.

Without citation to any case authority in analysis of Rule 12, Plaintiff argues that Defendants' Motion for Summary Judgment does not toll the time period for answering under Fed.R.Civ.P. 12(a). (#16 at 2). Plaintiff concedes, as he must, that a party may move for summary judgment any time until 30 days after the close of discovery. (#16 at 4). Plaintiff's hyper-technical arguments put form over substance, and ignore the fact that in circumstances such as these, the preliminary and threshold filing of a motion for summary judgment may constitute the method by which a defendant, as here, establishes entitlement to qualified immunity. (See #17, including at 1-2,[2] *see also* #27). Even had Defendants filed an answer as their initial appearance filing, they could have immediately and concurrently filed the same motion for summary judgment. All the same legal grounds for entitlement to judgment on qualified immunity and for stay of discovery would still apply.

Plaintiff's argument has been made to this Court before, and has been rejected. In *Rashidi v. Albright*, 818 F. Supp. 1354, 1355–56 (D. Nev. 1993), following the initial appearance by filing of the defendants' motion for summary judgment, the plaintiff argued "that by failing to answer the complaint as required by Rule 12(a), defendants are subject to default. Plaintiff asserts that the summary judgment motion filed by the defendants does not amount to a defense of the action as contemplated by Rule 55 nor does it toll the time for the filing of an answer as contemplated by rule 12(a)(1)." (*Rashidi*, 818 F. Supp. At 1355). This Court went on to reject such reasoning as follows:

---

[1] Were it not for important grounds to stay discovery (*see* #17, #27), Defendants would agree that their motion for summary judgment would trigger Rule 26 requirements.
[2] See citations to *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir.1988); *Harris v. Thom*, 481 F. App'x 394, 395 (9th Cir. 2012); and *Zamora v. City of Belen*, 229 F.R.D. 225, 228 (D.N.M. 2005).

> Failure to "otherwise defend" presumes the absence of some affirmative action on the part of a defendant which would operate as bar to the satisfaction of the moving party's claim. In this context, it is generally held that challenges to matters such as service, venue and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading. . . . If challenges less strenuous than those pleading to the merits can prevent the entry of default, **clearly a summary judgment motion which speaks to the merits of the case and demonstrates a concerted effort and an undeniable desire to contest the action is sufficient to fall within the ambit of "otherwise defend" for purposes of Fed.R.Civ.P. 55**.
>
> In addition, defendants argument that the summary judgment motion should alter the period of time for serving an answer is not without merit. Although Rule 12 does not specifically allow for a summary judgment motion to toll the running of the period within which a responsive pleading must be filed, by analogy the language would seem to apply—particularly since a Rule 12(b)(6) motion is transformed to a Rule 56 Motion when matters outside the pleadings are considered by the court.
>
> . . .
>
> The second issue that must be resolved is whether the defendants must answer the complaint before this Court rules on the summary judgment motion. As discussed above, the Federal Rules of Civil Procedure are unclear on this issue. The better practice would have been to file an answer; however, the rules allow a defending party to move for a summary judgment "at any time." Fed.R.Civ.P. 56(b). **Reasons exist for the postponement of the responsive pleading until the determination of a motion for summary judgment which will be entirely dispositive of the action** if the rules are construed as required by Fed.R.Civ.P. 1 to secure the just, speedy and inexpensive determination of every action. **There seems little reason to require a long, burdensome and expensive investigation to file an answer when the contents of the answer may be entirely useless by the dispositive nature of the action on the motion**. In *Miller v. Hoffman*, 1 F.R.D. 290 (D.C.N.J.1940) the court held that when a full release was the subject matter of the motion for summary judgment the answer would not be required.
>
> . . .
>
> The Court is not precluded from deciding the summary judgment motion prior to the time the defendants answer the complaint.
>
> *Rashidi v. Albright,* 818 F. Supp. 1354, 1355–57 (D. Nev. 1993), emphasis added, some citations omitted.

///

///

///

///

///

This case is one where the pending summary judgment motion is dispositive of the entire action. This Court's reasoning and ruling was sound in 1993, and nothing has changed to undermine its application to Plaintiff's Motion. Defendants have not failed to plead or otherwise defend for purposes of Rule 55. They are not in default and their pending motion for summary judgment should be decided.

DATED this 11th day of March, 2019.

>AARON D. FORD
>Attorney General
>
>By:   /s/ Nathan L Hastings
>      NATHAN L. HASTINGS
>      Senior Deputy Attorney General
>      *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on March 11, 2019, I filed the foregoing document via this Court's electronic filing system. Parties that are registered with this Court's EFS will be served electronically as follows:

Luke Andrew Busby, Ltd.
316 California Avenue
Reno, NV 89509

/s/Barbara D. Cozens
An Employee of the
Office of the Attorney General